UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In The Matter of Arbitration Between:

ARTHROCARE CORPORATION,

    Petitioner,

v.

ETHICON, et al.,

    Respondent.

No. C09-3216 SBA (BZ)

**ORDER GRANTING ATTACHMENT**

Respondents Ethicon, Inc., Depuy Mitek, Inc., Gyrus Medical, Ltd., and Gyrus Groups PLC ("Respondents") motion for a right to attach order and for the issuance of a writ of attachment of the property of Petitioner ArthroCare Corporation ("Petitioner") has been referred to me.

The parties participated in a contractual arbitration before the Honorable Fern Smith, Rtd., the Honorable Charles Renfrew, Rtd., and the Honorable James Davis, Rtd.  The panel found that petitioners breached a royalty agreement and issued a final award in favor of respondents for, among other things, $11,845,000 in royalties and $4,587,574.54 in attorney fees

1

and costs.  Petitioner seeks to vacate the award.  Respondents seek to confirm the award and seek this prejudgment attachment.

Pursuant to Federal Rule of Civil Procedure 64(a), California law governs this motion.[1]  Under California Code of Civil Procedure § 484.090(a) a court must issue a right to attach order if respondents prove the following:

> (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
>
> (2) The plaintiff has established the probable validity of the claim upon which the attachment is based.
>
> (3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
>
> (4) The amount to be secured by the attachment is greater than zero.

An attachment may issue if the claim is (1) based on a contract and (2) the total amount is a fixed or readily ascertainable amount of $500 or more.  Cal. Code of Civ. Pro. § 483.010(a).  Here, respondents brought claims against petitioner to resolve a dispute over royalty payments owed under a settlement agreement the parties entered in 1999. Petitioner agrees that the claim is based on a contract but contends that the amount is not fixed or readily ascertainable because the settlement agreement itself does not specify the amount of damages owed.  Instead, petitioner argues, because the arbitrators relied upon expert opinions, license

---

[1] "Every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Federal Rule of Civil Procedure 64(a).

2

1 agreements, and their own discretion, the final award does not
2 fall within the purview of § 483.010(a).  Petitioners have
3 cited no authority for the proposition that an arbitration
4 award pursuant to a settlement agreement does not constitute a
5 fixed or readily ascertainable amount, and the Court has found
6 none.  What authority exists is to the contrary.  <u>Sony
7 Ericsson Mobile Communications AB v. Delta Electronics
8 (Thailand) Public Co. Ltd.</u>, 2009 WL 1011722 at *3 (N.D.Cal.
9 Apr. 15, 2009).

10    Respondents have similarly established that the claim has
11 probable validity.  Under the Code, a claim has probable
12 validity "where it is more likely than not that the plaintiff
13 will obtain a judgment against the defendant on that claim."
14 Cal. Code of Civ. Pro. § 481.090.  "An arbitrator's decision
15 must be upheld unless it is completely irrational or it
16 constitutes a manifest disregard of the law."  <u>Schoenduve
17 Corp. v. Lucent Techs., Inc.</u>, 442 F.3d 727, 735 (9th Cir.
18 2006) (internal quotations and citations omitted).  The panel
19 in this case consisted of three esteemed arbitrators, two of
20 whom are former federal judges from this district.  It appears
21 that petitioner has merely restated its arguments in support
22 of its petition to vacate the arbitration award in an effort
23 to disprove the probable validity of respondents' claim.
24 Petitioner has not persuaded me that the award of the panel is
25 completely irrational or manifestly illegal.  I find that
26 respondents have sufficiently established probable validity.

27    Petitioners do not contest the final two requirements of
28 § 484.090(a).  Respondents' motion is therefore **GRANTED** and it

3

1  is **ORDERED** that a writ of attachment issue for up to
2  $16,432,574.54 of petitioner's property.  It is further
3  **ORDERED** that the issuance of the writ is conditional on
4  respondents posting an undertaking of $100,000.00.  If
5  petitioner can establish that it faces a significantly greater
6  risk because of particular property respondents elect to
7  attach, it may move to increase the undertaking.
8  Dated: November 20, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\ARTHROCARE V. ETHICON\ORDER GRANTING MOTION FOR RIGHT TO ATTACH v 3.wpd

4